UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HUNG LAM,<br><br>               Plaintiff,<br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>               Defendant. | Case No. 5:14-cv-00877-PSG<br><br>**ORDER STAYING CASE**<br><br>**(Re: Docket No. 11)** |

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal" proceedings,[1] and the "decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'"[2] The court must balance "the extent to which the defendant's fifth amendment rights" are implicated[3] by weighing "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may

---

[1] *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *see also Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1374-75 (D.C. Cir. 1980) ("In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence. Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." (internal quotations, citations and modifications omitted)).

[2] *Molinaro*, 889 F.2d at 902.

[3] *Id.*

1

Case No. 5:14-cv-00877-PSG
ORDER STAYING CASE

impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation."[4]

Because the court and the parties all appreciate the parallel criminal proceedings will impact the civil case, a stay is warranted.[5] The court therefore ORDERS this case stayed until the criminal cases are resolved. The parties shall file status reports with the court every ninety days to keep the court appraised of the ongoing criminal proceedings. The parties also shall inform the court of any final disposition in the criminal proceedings without delay.

**IT IS SO ORDERED**

Dated: May 9, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[4] *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995) (citing *Molinaro*, 889 F.2d at 903).

[5] *See* Docket No. 17 at 3 ("However, there is the real possibility, depending on the results of the criminal case that Plaintiff will move to add a cause of action for malicious prosecution under section 1983."); *see also* Docket No. 15 at 4

Finally, even as a practical matter, the potential for criminal charges against the officer and the pendency of criminal charges against Plaintiff create substantial difficulties. In the unlikely event that the District Attorney decides to file charges against Defendant Officer West, serious issues of representation would surely arise and a new attorney might be necessary to protect the officer's interests. Also, the lack of documentation at this juncture is a real issue. Defendants are not in a position to make full initial disclosures, not even having possession of the Homicide Unit's investigation report which includes the statements of parties and witnesses to the subject incident. Nor should Defendants even be required to answer or otherwise respond to the Complaint since the City Attorney's Office, again, is not in possession of all the underlying documentation regarding the incident. Even the deposition of non parties/witnesses would be problematic in that the statements such persons gave at the time of the incident, or shortly thereafter, are not yet available.