RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Assistant City Attorney (93249)
CHRISTIAN B. NIELSEN, Chief Deputy City Attorney (87972)
CLIFFORD S. GREENBERG, Sr. Deputy City Attorney (122612)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HUNG LAM, individually, through his next friend, KATHY LAM,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, a municipal corporation, LARRY ESQUIVEL, in his capacity of Chief of Police for the City of San Jose; Officer DONDI WEST, individually and in her official position, and DOES 1-25, inclusive,<br><br>Defendants. | Case Number:  14-CV-00877 PSG<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO EXCLUDE PORTION OF THE TESTIMONY OF DR. ALEX BARCHUK**<br><br>Pretrial Date: October 6, 2015<br>Trial Date: October 19, 2015<br>Time: 9:30 a.m.<br>Courtroom.: 5<br>Judge: Hon. Paul S. Grewal |

Dr. Barchuk is a physiatrist who was retained by the plaintiff as an expert witness. He is not a treating physician and has seen the plaintiff on two occasions.

Defendants ask the court to exclude his testimony about the opinions of other physicians, specifically Dr. Maureen Miner, or preclude him from rendering an opinion on the appropriateness of defendant's life care plan.  Dr. Barchuk testified at his deposition that he did not review her report nor review the life care plan.  While he normally does so he didn't in this case. (Deposition of Alex Barchuk, page 15: 2 – 19, attached as Exhibit "A" to this motion).

1

1   Defendants ask the court to exclude Dr. Barchuk's testimony regarding two video
2  tapes he took on the two occasions he examined the plaintiff.  Plaintiff never identified nor
3  produced these video tapes in discovery or in his initial disclosure or at any subsequent
4  time. (Deposition of Alex Barchuk, page 26:11 attached as Exhibit "A" to this motion).
5   Defendants ask the court to exclude Dr. Barchuk's testimony regarding the testimony
6  of Dr. Richard Shaw.  Dr. Barchuk testified that he had no comment on the appropriateness
7  of Dr. Shaw's report and never saw it. (Deposition of Alex Barchuk, page 31:11 attached as
8  Exhibit "A" to this motion)
9   Defendants ask the court to exclude Dr. Barchuk from testifying about the
10 appropriateness of the costing that was performed in Carol Hyland's report.  He testified he
11 was not involved in the costing of future medical care and never spoke to Hyland about the
12 report (Deposition of Alex Barchuk, page 34:11 - 35:4 attached as Exhibit "A" to this motion).

14 DATED:  September 22, 2015                    RICHARD DOYLE, City Attorney

16                                                 By:  /s/ Christian B. Nielsen
17                                                      CHRISTIAN B. NIELSEN
                                                        Chief Deputy City Attorney
18                                                 Attorney for Defendants

2

DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO EXCLUDE PORTION OF       Case Number: 14-CV-00877 PSG
THE TESTIMONY OF DR. ALEX BARCHUK
1243993.doc

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

HUNG LAM, individually,
through his next friend,
KATHY LAM,                           No. 1-10-CV165689

           Plaintiffs,

vs.

CITY OF SAN JOSE, a
municipal corporation, LARRY
ESQUIVEL, in capacity of
Chief of Police for the City
of San Jose; Officer DONDI
WEST, individually and in her
official position, and DOES
1-25, inclusive,

           Defendants. /


DEPOSITION OF ALEX BARCHUK, M.D.


Date:            FRIDAY, SEPTEMBER 18, 2015

Time:            1:06 P.M.

Location:        OFFICE OF THE CITY ATTORNEY
                 200 East Santa Clara Street
                 Conference Room 1572
                 San Jose, CA   95113

Reported by:     LUCY CARRILLO-GRUBBS, RPR,
                 RMR, CRR, CRP, CSR No. 6766

SALOIS & ASSOCIATES
Certified Shorthand Reporter
111 North Market Street, Suite 300
San Jose, California 95113-1112
Tel:   408.279.3376

1  Q. Okay.
2     Do you have any reason to doubt her
3  competency as a physician?
4  A. No.
5  Q. And I would ask you what you think about her
6  opinions in this case, but you don't know what they
7  are; is that right?
8  A. That's correct, I don't know them.
9  Q. Do you normally review the reports of
10 physicians who are on an opposite side of a case, as
11 you are?
12 A. Typically I do, yes.
13 Q. Okay.
14    And is there any reason in this case why you
15 didn't?
16 A. I didn't know that the defense hired somebody
17 to do a life care plan. I was never told that there
18 was another life care plan out there.
19 Q. And do you know a Dr. Fishman?
20 A. Dr. Fishman I don't know.
21 Q. Do you know him as being one of the treaters
22 of Mr. Lam?
23 A. I believe so, yes.
24 Q. Have you reviewed any of the medical records
25 that would have come about over the last year?

```
 1   him.
 2        Q. Okay.
 3           On the next page, page 7, at the bottom it
 4   says: "Sensation is intact up to and including the
 5   L1 dermatome with no sensation in the lower
 6   extremities."
 7           Did you measure the sensation or did somebody
 8   else?
 9        A. No, I did.
10        Q. Okay.
11        A. I should say also I took a videotape of my
12   physical examination, on both of the examinations
13   that we could provide to you.
14        Q. Okay.
15           Going forward into the document, I'm looking
16   at page 13 of 20, this looks like a medical record
17   review.
18        A. Okay.
19        Q. And did you do this review or did somebody
20   else do it for you?
21        A. No, I reviewed all of these records.  What I
22   have my secretary -- I have her type up -- type up
23   the chief complaint and the impression, and then I
24   tabulate all of the records so I know exactly where
25   to go to when I do the record review.  So -- so this
```

1      A. Well, that's specifically for his chronic
2  pain and his paraplegia.
3      Q. Okay.
4         It has nothing to do with any preexisting
5  psychiatric illness?
6      A. No, that's specifically related to his
7  injuries.
8      Q. Now, do you know Dr. Richard Shaw?
9      A. I don't.
10     Q. And do you know that Dr. Shaw prepared a
11 report relative to Mr. Lam?
12     A. Yes, I recall reading his name in Carol
13 Hyland's report, but I never saw his specific
14 report.
15     Q. So you have no comments on the
16 appropriateness of his recommendations?
17     A. That's correct.
18     Q. Have you ever been involved in a case with
19 Dr. Shaw prior to this one?
20     A. I don't believe so.
21     Q. Now, how many times have you been retained by
22 the Burris law firm to help them evaluate one of
23 their clients?
24     A. Through the years, probably five-six times.
25     Q. How many times this year?

1  it is that you do when you work with -- or consult
2  with Carol Hyland?
3      A. What I do is I put together the life care
4  plan worksheet and I send it to her, and then she
5  incorporates -- incorporates that into her life care
6  plan.  And if there's any questions, she'll --
7  she'll call me.
8          But that's pretty much how it works.
9          I put down the medical recommendations and I
10 send it to her.
11     Q. Do you ever get involved in the pricing of
12 the care that you recommend?
13     A. The only time I've gotten involved in
14 pricing, you know, if somebody asks can you give me
15 sort of a ballpark estimate of the cost, I do that
16 very rarely.  I never do it if, say, I'm working
17 with Carol Hyland or somebody else.  But I've done
18 it on cases where somebody says approximately how
19 much are the medical issues.
20     Q. Okay.
21     A. I probably do that maybe three-four times a
22 year, at the most.
23     Q. In this case, did you leave it up to Carol
24 Hyland to determine the cost of future medical care?
25     A. Yes.  I was not involved in costing.

```
 1       Q. And did Carol call you at all in this case to
 2  go over any of the cost estimates to see whether or
 3  not they were appropriate with you?
 4       A. No.
 5       Q. Have you reviewed Carol Hyland's report?
 6          Did you hear me, Doc?  Doc, are you there?
 7       A. Yes, I'm here.
 8       Q. Did you review Carol Hyland's report?
 9       A. I did.
10       Q. Make any suggestions or changes?
11       A. No.
12       Q. Give me a second to look at my notes and I
13  might be done.
14       A. Okay.
15       Q. Do you have an opinion as to whether or not
16  Mr. Lam will be able to drive a car?
17       A. Physically he could drive a car.  The trouble
18  is the degree of pain that he's having and his
19  upright tolerance and his medical issues.  So
20  physically if you have function of your arms you
21  could drive a car using hand controls.  The trouble
22  is the amount of pain that he's having.
23          So in that sense I think it would be
24  difficult for him to drive a car.
25       Q. It sounds to me, and please correct me if I'm
```

1                REPORTER'S CERTIFICATE

2        I hereby certify that the witness in the
3   foregoing deposition, ALEX BARCHUK, M.D., was by me
4   duly sworn over the telephone to testify to the
5   truth, the whole truth, and nothing but the truth,
6   in the within-entitled cause; that said deposition
7   was taken at the time and place herein named; that
8   the deposition is a true record of the witness'
9   testimony as reported by me, a duly certified
10  shorthand reporter and a disinterested person, and
11  was thereafter transcribed into typewriting by
12  computer.
13       I further certify that I am not interested in
14  the outcome of the said action, nor connected with,
15  nor related to any of the parties in said action,
16  nor to their respective counsel.
17       IN WITNESS WHEREOF, I have hereunto set my
18  hand 9/21/2015.
19
20
21
22                  LUCY CARRILLO-GRUBBS RPR
23                  CSR No. 6766
24                  STATE OF CALIFORNIA
25