UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG LAM,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF SAN JOSE, et al.,<br><br>        Defendants. | Case No. 14-cv-00877-PSG<br><br>**[PROPOSED] FINAL JURY INSTRUCTIONS** |

**1. DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 2. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### 3. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 4. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### 5. IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness testified differently on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## 6. EXPERT OPINION

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reason given for the opinion, and all the other evidence in the case.

### 7. DEMONSTRATIVE EVIDENCE

During the trial, materials have been shown to you to help explain testimony or other evidence in the case. Other materials have also been shown to you during the trial, but they have not been admitted into evidence. You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.

## 8. SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

The plaintiff, Hung Lam, brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## 9. SECTION 1983 CLAIM—ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against Officer Dondi West, Mr. Lam must prove each of the following elements by a preponderance of the evidence:

1. Officer West acted under color of law; and

2. The acts of Officer West deprived Mr. Lam of his particular rights under the United States Constitution as explained in later instructions.

The parties have stipulated that Officer West acted under color of law.

If you find that Mr. Lam has proved each of these elements, and if you find that Mr. Lam has proved all the elements he is required to prove under Instructions 10 and 11, your verdict should be for Mr. Lam. If, on the other hand, Mr. Lam has failed to prove any one or more of these elements, your verdict should be for Officer West.

### 10. PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—GENERALLY

As previously explained, Mr. Lam has the burden to prove that the acts of Officer West deprived Mr. Lam of particular rights under the United States Constitution. In this case, Mr. Lam alleges Officer West deprived him of his rights under the Fourth Amendment to the Constitution when she shot him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove that Officer West deprived Mr. Lam of this Fourth Amendment right, Mr. Lam must prove the following additional elements by a preponderance of the evidence:

1. Officer West seized Mr. Lam's person;

2. In seizing Mr. Lam's person, Officer West acted intentionally; and

3. The seizure was unreasonable.

The parties stipulate that Officer West seized Mr. Lam and that her actions were intentional.

# 11. PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending herself. Thus, in order to prove an unreasonable seizure in this case, Mr. Lam must prove by a preponderance of the evidence that the officer used excessive force when she shot him.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Officer West used excessive force in this case, consider all of the circumstances known to her on the scene, including:

1. The severity of the crime or other circumstances to which Officer West was responding;

2. Whether Mr. Lam posed an immediate threat to the safety of the officer or to others;

3. Whether Mr. Lam was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which Officer West had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to subdue Mr. Lam;

7. Whether it was or should have been apparent to Officer West that Mr. Lam was emotionally disturbed; and

8. The relative culpability of Officer West and Mr. Lam.

## 12. BATTERY BY A POLICE OFFICER

Mr. Lam claims that Officer West harmed him by using unreasonable force when she shot him. To establish this claim, Mr. Lam must prove all of the following:

1. That Officer West intentionally touched Mr. Lam or caused him to be touched;

2. That Officer West used unreasonable force in shooting Mr. Lam;

3. That Mr. Lam did not consent to the use of that force;

4. That Mr. Lam was harmed; and

5. That Officer West's use of unreasonable force was a substantial factor in causing Mr. Lam's harm.

The parties have stipulated that the shooting of Mr. Lam constituted a touching, that the touching was intentional, that Mr. Lam did not consent to the use of force and that he was harmed.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Officer West used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Officer West's position under the same or similar circumstances. You should consider, among other factors, the following:

1. The seriousness of the crime at issue;

2. Whether Mr. Lam reasonably appeared to pose an immediate threat to the safety of Officer West or others; and

3. Whether Mr. Lam was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

### 13. BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE § 52.1)

Mr. Lam claims that Officer West intentionally interfered with his civil rights by threats, intimidation or coercion. To establish this claim, Mr. Lam must prove all of the following:

1. That Officer West acted violently against Mr. Lam to prevent him from exercising his right under the United States and California Constitutions to be free from unreasonable searches and seizures and to be free from the use of excessive force;

2. That Mr. Lam was harmed; and

3. That Officer West's conduct was a substantial factor in causing Mr. Lam's harm.

## 14. NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS

Mr. Lam claims that he was harmed by Officer West's negligence. To establish this claim, Mr. Lam must prove all of the following:

1. That Officer West was negligent;

2. That Mr. Lam was harmed; and

3. That Officer West's negligence was a substantial factor in causing Mr. Lam's harm.

### 15. NEGLIGENCE—BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful police officer would have acted in this situation.

Police officers have a duty to act reasonably when using deadly force.  The reasonableness of an officer's conduct is determined in light of the totality of circumstances.

Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability.  Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable.

You may consider all of Officer West's conduct in determining, under all of the circumstances, whether the shooting was negligent.

## 16. NEGLIGENCE—COMPARATIVE FAULT OF PLAINTIFF

Officer West claims that Mr. Lam's own negligence contributed to his harm. To succeed on this claim, Officer West must prove both of the following:

1. That Mr. Lam was negligent; and

2. That Mr. Lam's negligence was a substantial factor in causing his harm.

If Officer West proves the above, Mr. Lam's damages are reduced by your determination of the percentage of Mr. Lam's responsibility. I will calculate the actual reduction.

**17. NEGLIGENCE—SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

**18. RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**SO ORDERED.**

Dated: December 8, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

19

Case No. 14-cv-00877-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS